THOMAS SWOR *v.* STATE OF MISSISSIPPI.

JURY TRIAL. *Polling. Names of jurors. Lists.*

A jury may be legally polled without calling the names of the jurors from the list kept by the clerk of the court.

FROM the circuit court of Smith county.

HON. JOHN R. ENOCHS, Judge.

Swor, appellant, was indicted, tried and convicted of the murder of one Joseph Cathright, in Smith county, November 8, 1899, and, having been sentenced to death, appealed to the supreme court. The facts in reference to polling the jury are stated in the opinion of the court.

*Cooper & Mize* and *C. W. Thigpen,* for appellant.

The court below erred when it refused to poll the jury from the record as demanded by the defendant at the time of receiv-

ing the verdict. The defendant's constitutional right to be present throughout the entire trial was violated when the sheriff carried him away, and in his absence, allowing the names of the jury to be changed and the jury to be discharged, the defendant then being out of the court room. The defendant has a right to be present at every stage and proceeding of his trial. No step whatever can be taken in his absence. *Scaggs* v. *State*, 8 Smed. & M. Miss., 722 ; *Price* v. *State*, 36 Miss., 531 ; *Stubbs* v. *State*, 49 Miss., 716 ; *Finch* v. *State*, 53 Miss., 363.

*William Williams*, assistant attorney-general, for appellee.

When the verdict was received and the jury polled by the trial court, and the whole twelve agreed that the verdict returned was the finding of each and every one, the defendant had no further rights and privileges in connection with the action or verdict of the jury.

Argued orally by *J. H. Mize,* for appellant, and by *William Williams*, assistant attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

Appellant was tried for murder and properly convicted. He made a motion for a new trial, one ground of which—and the only one, as we think, deserving consideration—is in these words : " When the verdict against him was received and read by the clerk, defendant demanded that the jury be polled individually. The record could not be found from which to poll the jury. Then the court proceeded to poll each member of the jury by asking him his initials. When the polling was completed the defendant was ushered from the presence of the court, and the district attorney allowed to insert and correct the initials of the jury, in the absence of the defendant, before the jury was discharged." A careful reading of the examination and cross-examination of the witnesses produced for and

against the motion leads us to the conclusion that the actual occurrences were these : The verdict was delivered to the deputy clerk, and read by him. Defendant then demanded a poll. The judge called for the jury list from which to make the poll. It was at night, and this list was below stairs, in the office of the clerk, who was at home, and had the key to the desk in which it was locked. Thereupon the court addressed each member of the jury, asking his name when the judge did not know it, and propounded to each the question, "Is that your verdict?" to which each answered that it was. Then the jury was discharged as to that trial, but the members of it requested to remain to furnish the deputy clerk with their initial names for appearance on the minutes. At this point the prisoner was taken to jail, and, in his absence, the initials of the names of the jurors were taken. We see in this no violation of the right of the prisoner to be present at every stage of the trial. The jury was polled, and it was not necessary to read the polls from the clerk's list. The fact that the panel remained by request, for convenience, to give initials was on part of the trial. The deputy clerk might have gotten these from the list below stairs, or from the panel outside the court room, to make up his minutes. There is no pretense that the actual jury trying the case was not in fact polled.

*Affirmed.*